RECEIVED
OCT 14 2026
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**MIDDLE DIVISION**

| | | |
|---|---|---|
| **Timothy L. Jefferson,** [1] | ] | |
| | ] | |
| **Pro se Plaintiff,** | ] | **Civil Action** |
| | ] | |
| **V.** | ] | **JURY TRIAL REQUESTED** |
| | ] | |
| **METROPOLITAN GOV'T, et al.** [2]**,** | ] | |
| **Officer E. J. Bernard,** | ] | |
| | ] | |
| **Defendant(s),** | ] | |

---

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**

**PURSUANT TO 42 U.S.C. § 1983**

---

**Respectfully and May it Please the Court . . .**

Pursuant to 28 U.S.C. § 1746, I, Timothy L. Jefferson, [3]state that, in my own right-on my own behalf, I am properly before this Honorable United States District Court, pursuant to the Federal Civil Rights Statute under 42 U.S.C. § 1983.

**VERIFIED COMPLAINT FOR DAMAGES**

**I. Introduction**

1. I am filing this § 1983 action seeking monetary damages, to hold the Metropolitan Government of Nashville and Davidson County, et al., liable under 42 U.S.C. § 1983, for its violation of my constitutional rights[4], under the Fourth

---

[1] a.k.a. Shareef Abdullah al-Sadiq-Jefferson ;
[2] Metropolitan Government of Nashville and Davidson County;
[3] a.k.a. Shareef Abdullah al-Sadiq-Jefferson ;
[4] i.e., (unrelated to my conviction);

Amendment, to receive a prompt determination of probable cause, resulting from its failure to properly train and supervise its police officers in procedures concerning clear constitutional duties which comply with the Fourth Amendment, when taking citizens into custody without warrants, to avoid violating citizens rights;

**II. Jurisdiction**

2. Jurisdiction in this Honorable United States District Court is invoked pursuant to 42 U.S.C. §1983;

3. Jurisdiction in this Honorable United States District Court is also invoked pursuant to 28 U.S.C. § 1331;

4. Jurisdiction in this Honorable United States District Court, likewise, is invoked pursuant to 28 U.S.C. § 1343(a)(3), because, this action seeks to redress the deprivation under color of state law, of rights secured by Acts of Congress providing for equal rights of persons within the jurisdiction of the Unites States;

**III. Parties**

5. Pro se Plaintiff: Timothy Lynn Jefferson, a.k.a. Shareef Abdullah al-Sadiq-Jefferson, at all times relevant, as a 16-year old juvenile was taken into police custody, without a warrant, and unlawfully detained at police headquarters for an improper purpose, i.e., a 'secret interrogation', in violation of his Fourth Amendment rights, to receive a prompt determination of probable cause;

6. Defendant: Metropolitan Government of Nashville and Davidson County, et al., acting under color of state law, is a Municipality incorporated in this state, to administer the State's local affairs;

7. Defendant: Officer E. J. Bernard, is a former employee of the Metropolitan Government of Nashville and Davidson County, et al., formerly employed by said Municipality, because, he announced his retirement upon discovering that he was under investigation by the Office of Professional Accountability ("O.P.A.") regarding allegations for generating false or inaccurate reports, intimidating a witness, making disparaging comments to the witness about the witness' sexual orientation, and insubordination. Bernard v. Metropolitan Government of Nashville and Davidson County, Tennessee, 2010 WL 3033798;

## IV. Factual Statement

8. On January 10, 2000, as a 16-year old juvenile, Defendant: Officer E. J. Bernard, had taken me into police custody, against my will, without a warrant, from my residence where I lived with my Legal Guardian and Grandmother: Dorothy Jefferson, at: 1902 12th Ave North;

9. Before leaving my residence while in police custody, against my will, without a warrant, the Defendant: Officer E. J. Bernard, had informed my Legal Guardian and Grandmother: Dorothy Jefferson, that I was being transported to the Davidson County Juvenile Detention Center;

9. However, contrarily, I was not transported directly to the Juvenile Detention Center, but, I was, otherwise, transported to an adult facility at police headquarters at the Metropolitan Nashville Police Department's Criminal Justice Center at: 200 James Robertson Pkwy, where I was unlawfully detained by the Defendant: Officer E. J. Bernard, in violation of my Fourth Amendment rights, to receive a prompt determination of probable cause, because: 1. my probable

cause determination was unreasonably delayed for the improper purpose of gathering additional evidence to justify my warrantless arrest; since: 2. my detention at police headquarters after my warrantless arrest was solely for the improper purpose of Defendant: Officer E. J. Bernard, subjecting me to a 'secret interrogation', in which, was not authorized by a judicial officer, and after he lied to my Legal Guardian and Grandmother: Dorothy Jefferson, about where he was transporting me to, in order to seclude me[5];

10. Consequently, because, Defendant: Officer E. J. Bernard, of the Metropolitan Nashville Police Department, had taken me into police custody, against my will, without a warrant, as a 16-year old juvenile, and my probable cause determination was unreasonably delayed for said improper purpose, in which, in another view, he had 'extended restraint of my liberty following my warrantless arrest,' without making any attempt to employ procedures which comply with the Fourth Amendment, in legal effect, my Fourth Amendment right, to receive a prompt determination of probable cause following my warrantless arrest required by Gerstein v. Pugh, 420 U. S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975), and County of Riverside v. McLaughlin, 500 U.S. 44, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991), was violated;

---

[5] See attached prima facie evidence of a duplicate, such as a photocopy of the Defendant: Officer E. J. Bernard's Arrest Report which substantiates Plaintiff's Factual Statement; Duplicates, such as photocopies , are admissible to the same extent as an original unless a genuine question is raised to the authenticity of the original; See Tenn. R. Evid. 1001(4), 1003; Bolton v. state, 617 S.W.2d 909 ,913 (Tenn. Crim. App. 1981) (stating that a photocopy is admissible as an original absent fraud of danger of mistransmission);

## V. Monell Liability Claim

### A. Failure to Properly Train and Supervise

11. I incorporate and reallege the foregoing allegations as if fully set forth herein;

12. Relying on City of Canton, Ohio, v. Harris, 109 S.Ct. 1197, I assert in my complaint that, the inadequacy of police training and supervision serve as the basis for §1983 Monell Liability claim where the Defendant: Metropolitan Government of Nashville and Davidson County's, et al., failure to train and supervise amounts to deliberate indifference to my rights as a person whom the police came into contact;

13. Specifically, the Defendant: Metropolitan Government of Nashville and Davidson County's, et al., failure to train and supervise its employees in relevant respects, i.e., (in procedures concerning clear constitutional duties which comply with the Fourth Amendment, when taking citizens into custody without warrants, to avoid violating citizens rights), evidences "deliberate indifference" to my rights, and such shortcoming must be properly thought of as a "policy or custom" that is actionable under §1983. 42 U.S.C.A. §1983;

14. Lastly, Monell Liability attaches in this circumstance, because, failure to provide proper training and supervision to Municipal Employees resulted in the constitutional deprivation I suffered, in which, the failure to train and supervise reflects "deliberate indifference" to my constitutional rights, likening to similarly situated circumstances laid down in the United States Supreme Court holding in City of Canton, Ohio, v. Harris, 109 S.Ct. 1197;

## VI. Relief Requested

Wherefore, I request the Court to grant the following relief:

A. Declare that the Metropolitan Government of Nashville and Davidson County, et al., violated my Fourth Amendment rights, resulting from its failure to properly train and supervise its police officers in procedures concerning clear constitutional duties which comply with the Fourth Amendment, when taking citizens into custody without warrants, to avoid violating citizens rights;

B. Award me compensatory damages in the total amount of: $10, 000, 000, i.e., ten million dollars, and cost, for Defendant: Officer E. J. Bernard's, intentional infliction of emotional distress by engaging in improper, unlawful and arbitrary acts carried-out, in bad-faith, against me as a 16-year old juvenile, all in an attempt to justify my warrantless arrest and unlawful detention at an adult facility at police headquarters for a 'secret interrogation;'

C. Award me punitive damages in the total amount of $15, 000,000, i.e., fifteen-million dollars and cost, to punish the Metropolitan Government of Nashville and Davidson County, for the failure to train and supervise its employees and to deter others from committing similar wrongs in the future;

D. Grant me such other relief as it may appear I am entitled to by law;

Pursuant to 28 U. S. C. § 1746, I declare under penalty of perjury that, altogether, the following is true and correct.

______________________________,
Timothy L. Jefferson[6]

Dated: 10-7-26

**SUBSCRIBED BEFORE ME THIS THE 7 DAY OF OCTOBER, 2026.**

**EXECUTED ON THIS THE 7 DAY OF OCTOBER, 2026.**

DAWN SMITH STATE OF TENNESSEE NOTARY PUBLIC MORGAN COUNTY MY COMMISSION EXPIRES AUGUST 16, 2028

**NOTARY PUBLIC:** Dawn Smith 10/7/26
expires August 16 2028

**PLAINTIFF:** ______________________________
Timothy L. Jefferson[7]

[6] a.k.a. Shareef Abdullah al-Sadiq-Jefferson ;
[7] a.k.a. Shareef Abdullah al-Sadiq-Jefferson ;

.D.T CPM-CS
/. 11-99)
/ 82.1, 82.3.7

# Arrest Report

Metropolitan Police Department
Nashville, Tennessee

1. M.P.D. Incident Number: 99-624950 ☒ Juvenile

.elated Incident Number ☐ N/A | 3. I.D. / O.C.A. Number: JV 28024 | 4. Arrest Number: 0001631 | 5. Arrest Date / Time: 1-10-00 1736

Day of Week: ☐ SU ☒ MO ☐ TU ☐ WE ☐ TH ☐ FR ☐ SA | 7. Charge Which Precipitated Arrest: Criminal Homicide

Reason Arrested (Offense / Classification): Criminal Homicide | 9. Social Security Number ☐ UNK: 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 | 10. Driver License No. | State ☒ UNK: TN

Defendant's Name (Last, First Middle): Jefferson, Timothy [illegible] | 12. Nickname / Alias: Timmy ☐ None

Defendant's Address (Apt No.): 902 12th Ave North | City: Nashville | State: TN | Zip Code: 37208 | 14. Place of Employment / School: Hillwood High School ☐ None ☐ UNK

Home Phone: [illegible]6-5601 | 16. Work Phone | 17. County Resident? ☒ Yes ☐ No | 18. Occupation: Student | 19. Is Arrestee a College Student? (If Yes, where?) ☐ Yes ☒ No ☐ UNK

Sex: ☒ M ☐ F UNK | 21. Race: ☐ White ☒ Black ☐ Am Indian/Alaskan ☐ Asian/Pac Islander ☐ Other ☐ UNK | 22. Ethnicity: ☐ Hispanic ☐ Non-Hispanic ☐ UNK | 23. Age: 16 | 24. DOB: 9-27-83 | 25. Place of Birth: Nashville TN | 26. Domestic Violence: ☐ Yes ☒ No (If Yes, Specify Prosecutor) ☐ Officer ☐ Victim ☐ Both

Height: 6'0 | 28. Weight: 240 | 29. Hair: Black | 30. Eyes: Brn | 31. Location of Arrest (Street Address): 200 James Robertson Pkwy

Type of Arrest: On-View / Summoned / Cited / Taken into Custody | 33. Resisted Arrest? ☐ Yes ☒ No | 34. Assaulted Officer? ☐ Yes ☒ No | 35. Chemical Agent Used? ☐ Yes ☒ No | 36. Arrestee Was Armed With: (Check up to 2) (Enter 'A' in Box if Automatic) ☐ Unarmed ☐ Firearm (Type Not Stated) ☐ Handgun ☐ Rifle ☐ Shotgun ☐ Other Firearm ☐ Lethal Cutting Instrument (e.g. Switchblade knife) ☐ Club, Blackjack, Brass Knuckles

INJURY/SICK: N/A See Incident Report | 37. Injury (Check up to 5): ☐ Apparent Broken Bones ☐ Possible Internal Injury ☐ Severe Laceration ☐ Apparent Minor Injury ☐ Other Major Injury ☐ Loss of Teeth ☐ Unconsciousness ☐ Gunshot | 38. Medical Treatment: ☐ Refused Treatment ☐ Nashville Fire Dept ☐ General / Meharry ☐ Memorial ☐ Baptist ☐ Centennial ☐ Southern Hills ☐ St. Thomas ☐ Summit ☐ TN Christian ☐ VA ☐ Vanderbilt ☐ Other (Specify) ☐ N/A | 39. Transported By: ☐ N/A ☐ UNK ☐ Self ☐ Reporting Officer ☐ Private Ambulance ☐ N.F.D. Ambulance ☐ Other (Specify)

Describe Illness or Injury | 41. Examining Physician ☐ N/A | 42. Medical Treatment Status ☐ Admitted ☐ Released ☐ N/A

N/A VEHICLE See Incident Report | 43. License Number | State | Year | 44. Year | 45. Make | 46. Model | 47. Style | 48. Color

V.I.N. ☐ None ☐ Altered ☐ UNK | 50. If Towed, VTR No. ☐ N/A | 51. Vehicle Towed To: ☐ N/A ☐ Tow-In Lot ☐ Other (Specify) | 52. Vehicle Towed By: ☐ N/A

| Warrant Number | 54. Code (Chapter & Section) | 55. Charge | 56. Related Incident Number |
|---|---|---|---|
| | | Criminal Homicide | 99-624950 |
| | | Esp. Agg. Robbery | 99-624950 |
| | | Poss of Weapon | 99-624950 |
| | | | |
| | | | |
| | | | |

Refused ☐ Yes ☐ No | 58. Judge ☐ N/A | 59. Reason ☐ N/A

CODE: N - Nearest Relative, P - Prosecutor, W - Witness | 60. Physical Evidence ☐ None ☐ See Incident Report | 61. Held or Stored By: ☐ N/A

| 62. Name | 63. Code | 64. Residence (Street, City) | 65. Home Phone | 66. Work Phone |
|---|---|---|---|---|
| Dorothy Jefferson | N | #13 | #15 | |
| E.J. Bernard | P | MNPD (Murder Squad) | | 7329 |
| | | | | |

Timothy L. Jefferson # 337014 a.k.a.
Shareef Abdullah al-Sadiq-Jefferson
MCCX-Annex
541 Wayne Cotton Morgan Dr.,
P.O. Box 2000
Wartburg, TN 37887-2000

quadient
FIRST-CLASS MAIL
IMI
$002.56 º
10/09/2026 ZIP 37887
043M31251630
US POSTAGE

RECEIVED
OCT 14 2026
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

Clerk of Court Lynda M. Hill,
Fred D. Thompson US Cthse, 719
Church St Ste 1300,
Nashville, TN 37203

M.C.C.X.

OCT 9 2026

Privileged
Outgoing Mail

Privileged-Legal-Mail

MCCX has not [illegible] inspected
nor censored and is
not responsible for content